# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 22-1622V**

|  |  |
|---|---|
| JENNIFER KJELDGAARD,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 15, 2026 |

*Daniel Alholm, Alholm Law PC, Chicago, IL, Washington, for Petitioner.*

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 31, 2022, Jennifer Kjeldgaard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 14, 2020. Petition at 1. On November 18, 2025,  I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $52,968.01 (representing $51,905.00 in fees plus $1,063.01 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 22, 2025, ECF No.  59. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 58.

Respondent reacted to the motion on November 28, 2025, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 60. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 61.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are therefore awarded herein.

Regarding the time billed, I note this case required additional briefing regarding onset. *See* Petitioner's Brief on Onset, filed Nov. 20, 2024, ECF No. 46; Petitioner's Reply to Respondent's Response to Petitioner's Brief on Onset, filed Feb. 20, 2025, ECF No. 49; Petitioner's counsel expended approximately 15.8 hours drafting the onset brief and 8.2 hours drafting the responsive brief, for a combined total of 24.0 hours. ECF No. 59-2 at 11-12. I find this amount of time to be reasonable and will award the attorney's fees requested.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 59-3 at 2-13. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$52,968.01 (representing $51,905.00 in fees plus $1,063.01 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master